# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARCUS T. ROBERTS, JR.**,
    Plaintiff,

v.                                                                   Case No. 24-CV-376

**CO GREEN, et al.**,
    Defendants.

## SCREENING ORDER

Plaintiff Marcus T. Roberts, Jr., an individual incarcerated at the Columbia Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that defendants violated his rights under federal and state law. This order resolves plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

### I. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 17, 2024, I ordered plaintiff to pay an initial partial filing fee of $14.37. ECF No. 7. The court received that fee on May 6, 2024. I will grant plaintiff's motion for leave to proceed without prepaying the filing fee. He will be required to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. SCREENING THE COMPLAINT

**A.     Federal Screening Standard**

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore*

*v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B.     Plaintiff's Allegations**

The complaint names as defendants Correctional Officers Green and Veguilla, Sergeant John Doe, Warden Randall Hepp, Security Director Yana, Director of the Wisconsin Division of Adult Institutions (DAI) Kevin Carr, and Administrator of the DAI Sarah Cooper. Plaintiff sues the defendants in their official and individual capacities.

Plaintiff alleges that at around 3:37 p.m. on November 27, 2023, he was incarcerated at Waupun Correctional Institution. He says that he informed Officer Green that he needed to see Psychological Services Unit (PSU) staff, and Green told him, "OK." ECF No. 1 at 3. A half hour passed, and plaintiff again asked Green to see PSU staff. Green said he had been busy and had not yet contacted them. Another hour passed, and plaintiff again asked Green about his request to speak with PSU staff. Green told plaintiff that he had informed the sergeant. Plaintiff says he and Green then got into an argument about contacting PSU staff, and plaintiff told Green that he was suicidal. Plaintiff alleges that Green walked away and did not return.

Plaintiff says he then engaged in self-harm by swallowing "several pills" and cutting his left forearm. *Id.* He alleges that just before 6:00 p.m., other prisoners told Officer Veguilla that plaintiff had swallowed pills and cut himself. Veguilla allegedly said only, "OK," and left the housing unit. But a few minutes later, unspecified staff removed plaintiff from his cell and provided him medical attention. He was then placed on clinical observation status because of his self-harm.

Plaintiff sues Officers Green and Veguilla and Sergeant John Doe for being deliberately indifferent and negligent to his risk of self-harm. He says Hepp, Yana, Carr, and Cooper failed to implement proper training or policies for Waupun staff to respond to suicidal incarcerated persons. He says the absence of proper procedures and/or training "silently permits [prison] officials to disregurd [sic] inmate's verbal warnings that he is suicidal." *Id.* at 5. Plaintiff seeks compensatory and punitive damages and injunctive relief requiring the Department of Corrections (DOC) to implement adequate self-harm regulations and training.

**C. Analysis**

Plaintiff's allegations about his self-harm amount to a claim under the Eighth Amendment, which prohibits cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.* The risk of harm may come from a prisoner's act or threat of self-harm "up to and including suicide." *Miranda v. County of Lake*, 900 F.3d 335, 349 (7th Cir. 2018). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Perez*, 792 F.3d at 776.

Plaintiff alleges that he first told Officer Green that he needed to speak with PSU staff. Green said he would contact them, but he never did. Plaintiff alleges that Green

instead contacted a sergeant, who never reported to plaintiff's cell. Plaintiff alleges that he told Green that he was suicidal, but Green left plaintiff's cell and did not return. Although Green allegedly acted in response to plaintiff's request to speak with PSU staff by contacting the sergeant, he allegedly took no further action after plaintiff told him he was suicidal. Taking these allegations as true at this stage of the proceedings, I find them sufficient to state a claim that Green was deliberately indifferent to plaintiff's threat to harm himself.

Plaintiff alleges that after he harmed himself, other prisoners told Officer Veguilla. Plaintiff alleges that Veguilla merely stated "OK" and left the housing unit. Plaintiff says he was removed from his cell a short time later, but he does not say whether Veguilla was responsible for that. I infer that Veguilla took no action after other prisoners informed him that plaintiff had self-harmed. Based on that inference, I find that plaintiff states an Eighth Amendment claim against Officer Veguilla.

Plaintiff alleges nothing against Sergeant John Doe. Although he alleges that Officer Green told "the sergeant" that plaintiff had requested to speak with PSU staff, he does not say whether that sergeant was John Doe. Nor does he say that he ever spoke with Sergeant Doe or that Sergeant Doe was otherwise aware of his suicide threat and failed to act. Because plaintiff does not allege facts sufficient to establish how Sergeant Doe was personally responsible for violating plaintiff's rights, he fails to state a claim against him. *See Brownlow v. Van Natta*, 2 F. App'x 516, 518 (7th Cir. 2001) (citing *Miller v. Smith,* 220 F.3d 491, 495 (7th Cir. 2000).

Plaintiff seeks to hold Warden Hepp, Security Director Yana, Secretary Carr, and Administrator Cooper personally responsible for his self-harm because they are

administrators who may train staff and oversee prison operations. But administrators, like these defendants, "are ordinarily not personally liable for decisions made by subordinates." *Courtney v. Devore*, 595 F. App'x 618, 620 (7th Cir. 2014) (citing *Burks v. Raemisch*, 555 F.3d 592, 595–96 (7th Cir. 2009)). Upper-level administrators are responsible only for their own actions. *See Iqbal*, 556 U.S. at 676; *Stankowski v. Carr*, No. 23-2458, 2024 WL 548035, at *2 (7th Cir. Feb. 12, 2024) (citing *Horshaw v. Casper*, 910 F.3d 1027, 1029–30 (7th Cir. 2018)). Plaintiff does not allege that Hepp, Yana, Carr, or Cooper were aware of or personally responsible for his self-harm or the officers' inaction. They cannot be held responsible merely because they hold supervisory or administrative positions within the DOC, DAI, or Waupun.

Plaintiff also seeks to proceed against the defendants in their official capacities. Claims against an official in his official capacity represent another way to plead an action against the entity that he represents or for which the official works. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). The claims against these defendants in their official capacities are construed as having been brought against the DOC, the agency for which they work. *Id.* at 165–66. Claims against the DOC are "no different from a suit against the State itself," so I construe these claims as against the State of Wisconsin. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Plaintiff cannot recover damages against state defendants sued in their official capacities, but he may seek injunctive relief. *See id.* at 71 & n.10 (citing *Graham*, 473 U.S. at 167 n.14; and *Ex Parte Young*, 209 U.S. 123, 159–60 (1908)).

Plaintiff alleges that Waupun does not have proper policies or procedures for handling suicidal prisoners. He blames defendants for the lack of a policy or procedure and for failing to train officers. He says that because Waupun lacks a proper policy, Officers Green and Veguilla were allowed to disregard his concerns of self-harm, which he says directly led to him swallowing the pills and cutting his arm. Accepting these allegations as true, I find them sufficient to state an official capacity claim for injunctive relief. *See Boncher ex rel. Boncher v. Brown County*, 272 F.3d 484, 486 (7th Cir. 2001). I will allow plaintiff to proceed against Warden Hepp on his claim for injunctive relief because the Warden is a proper person to provide that relief. *See Gray v. McCaughtry*, 72 F. App'x 434, 437 (7th Cir. 2003) (citing *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989)). But plaintiff may not proceed against each defendant in his or her official capacity because doing so would duplicate his claim for injunctive relief. *See Kemper v. Piech*, No. 17-CV-1123-JPS, 2017 WL 4162331, at *3 (E.D. Wis. Sept. 19, 2017)). I will therefore dismiss plaintiff's claims against the remaining defendants in their official capacities.

Finally, plaintiff seeks to proceed on state law negligence claims against Officers Green and Veguilla. Federal courts may exercise supplemental jurisdiction over a state law claim that is "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). Negligence does not violate the Constitution. *See Estelle*, 429 U.S. at 106; *Brown v. Peters*, 940 F.3d 932, 937 (7th Cir. 2019). But this claim may be raised under state law. Because the facts underlining plaintiff's claim of negligence are the same as those underlining his Eighth Amendment claim, I will exercise supplemental jurisdiction over plaintiff's state law claims.

Plaintiff thus may proceed on the following claims: (1) an Eighth Amendment claim of deliberate indifference against Officers Green and Veguilla in their individual capacities; (2) a state law negligence claim against Officers Green and Veguilla; and (3) a claim for injunctive relief against Warden Hepp in his official capacity. I will dismiss all other defendants and claims.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that John Doe, Security Director Yana, Kevin Carr, and Sarah Cooper are **DISMISSED**. The clerk shall terminate them as defendants from the docket.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Correctional Officers Green and Veguilla and Warden Randall Hepp at Waupun Correctional Institution. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from plaintiff's prison trust account the $335.63 balance of the filing fee **by collecting payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the

Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this case. If plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities (or who are not incarcerated) must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify

---

[1] The Prisoner E-Filing Program is mandatory for all prisoners of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

9
Case 2:24-cv-00376-LA   Filed 05/22/24   Page 9 of 10   Document 8

the Clerk of Court of any change of address. Plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that plaintiff may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 22nd day of May, 2024.

    /s/Lynn Adelman_____
    LYNN ADELMAN
    United States District Judge